IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES P. QUILLEN, JR., | * | |
| Appellant, | * | |
| v. | * | CIVIL NO. RDB 09-1986 |
| ZVI GUTTMAN, Trustee, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

IN RE :
JAMES P. QUILLEN, JR.          *       BANKRUPTCY NO. 06-15938-RAG

## **MEMORANDUM OPINION**

This case is before this Court on appeal from the Order of the United States Bankruptcy Court of the District of Maryland. Appellant-Debtor James P. Quillen, Jr., proceeding *pro se*, ("Appellant")[1] raises three issues on appeal: whether the Bankruptcy Court erred in 1) *sua sponte* consolidating this matter with a related adversary proceeding, 2) ruling that certain property held by Appellant may be administered by Appellee-Trustee Zvi Guttman ("Guttman"), and 3) finding that Appellant's exemption of personal property is limited to the dollar value he assigned it in his Amended Exemptions Schedule.[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a) as Appellant's appeal arises from the final order entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 404(1)(a) (D. Md. 2008) and Rules 8001 *et seq.* of the Federal Rules of Bankruptcy Procedure. The issues have been fully briefed by the parties and no hearing is necessary. See Local Rule

---

[1] The Bankruptcy Court noted and it has not been disputed that Appellant was once an attorney and was disbarred by consent in 2007 as a result of a misrepresentation made prior to the filing of this case. *In re Quillen*, 408 B.R. 601, 605, n. 3 (Bankr. D. Md. 2009)

[2] Appellant's brief purports to raise five issues on appeal, but he only raises three substantively unique issues.

105.6 (D. Md. 2008). For the reasons stated below, the Order of United States Bankruptcy Court of the District of Maryland is AFFIRMED.

## BACKGROUND

On September 26, 2006, Appellant James P. Quillen, Jr., proceeding *pro se*, filed for bankruptcy in the United States Bankruptcy Court of the District of Maryland pursuant to Chapter 11 of the Bankruptcy Code. At this time, Appellant owned, managed and was developing a number of real estate projects through approximately seventy-seven entities he solely owned and controlled. When Appellant filed his Statement of Financial Affairs he stated that the value of his interests in his personal property was "unknown."

On July 19, 2007, Appellant consented to conversion of this case from Chapter 11 to Chapter 7. On July 24, 2007, Appellant filed an Amended Exemptions Schedule pursuant to § 522(l) of the Bankruptcy Code, exempting essentially all of the property that he brought with him into bankruptcy, including certain real and personal property he owned with his wife, Karen Quillen, as tenants by the entirety. Appellant assigned an exemption value of $11,000 to the property he individually owned. Appellant assigned a gross exemption of $2,581,000 to the property he and his wife owned as tenants by the entirety. On July 26, 2007, the case was officially converted to a Chapter 7 bankruptcy and Appellee Zvi Guttman was assigned as Trustee.

After his appointment, Guttman began investigating Appellant's estate, and became concerned about Appellant's claimed exemptions. Though Guttman filed an Objection to Appellant's Amended Exemptions Schedule, he did not object within the 30-day period allowed by Federal Rule of Bankruptcy Procedure 4003(b). In response, Appellant filed a large number of motions, which the Bankruptcy Court dealt with in its June 22, 2009 Memorandum Opinion and Order. In its Order, the Bankruptcy Court: 1) *sua sponte* consolidated claims against the

Quillens into a new adversary proceeding where both Appellant and his wife were named as defendants; 2) held that the property the Quillens own as tenants by the entirety can be administered by a trustee because claims of joint creditors were filed against them; and 3) found that Appellant would only be permitted to exempt $11,000 of the property he owned individually because that was the total exemption value he claimed for his personal property in his Amended Exemptions Schedule.   This appeal followed.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch,* 258 F.3d 315, 319 (4th Cir. 2001).  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).  An abuse of discretion standard applies in the review of the Bankruptcy Court's ultimate application of law to fact. "An abuse of discretion exists where the [lower court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 470 (3d Cir. 1998) (quoting *ACLU v. Black Horse Pike Reg'l Bd. of Educ.,* 84 F.3d 1471, 1476 (3d Cir. 1996)) (internal quotation omitted).  The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  *See* Fed. R. Bankr. P. 8013.  *See also In re White,* 128 Fed. Appx. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 U.S. Dist. LEXIS 87622, at *6 (D. Md. Dec. 4, 2006).

## ANALYSIS

Appellant contends that the Bankruptcy Court abused its discretion by 1) *sua sponte* consolidating a contested matter with a related adversary proceeding, 2) ruling that the Quillens' property may be administered by a trustee, and 3) finding that Appellant's exemption of personal property is limited to the $11,000 value he assigned it in his Amended Exemptions Schedule.

**I.    Consolidation was Proper**

According to Rule 7042 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 42 of the Federal Rules of Civil Procedure:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Bank. P. 7042.  As explained in *Collier on Bankruptcy*: "[T]here is great liberality on joinder of actions [under Rule 7042] . . . . As in subdivision (a) of Rule 42, the matter *is in the discretion of the bankruptcy judge.*"  *Collier on Bankruptcy* ¶ 7042.05 at 7042-4 to -5 (2009) (emphasis added, footnotes omitted).  Policies of judicial economy generally favor the consolidation of related actions.  *Coyne & Delaney Co. v. Selman*, 98 F. 3d 1457, 1473 (4th Cir. 1996) (the "substantial overlap" between two related cases require consolidation in "the interests of justice.").  Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases.  *See, e.g., North Carolina Natural Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir. 1960) (acknowledging that "…consolidation is within the sound discretion of the [trial] court….").

Appellant claims that this case was improperly consolidated.  Appellant contends that Guttman's sole allegation against him is that the Quillens' joint property was "acquired by some form of fraudulent transfer or conveyance," and therefore Appellant's case should only have

been consolidated with other claims by creditors asserting that specific issue.  Paper No. 7 at ¶ 8, 9 and 10.  However, Appellant's case was clearly consolidated with related proceedings that share a question central to this case: Whether a trustee in bankruptcy may administer a property held by tenants in the entireties when only one spouse has filed for bankruptcy and there are joint unsecured creditors.  Furthermore, determining this issue turns on facts that are common to the consolidated cases – whether the Quillens own joint assets and have joint creditors.  Thus, the Bankruptcy Court's decision to consolidate Appellant's case with claims sharing common issues and questions of fact was proper and is supported by policies of judicial economy.  Accordingly, the Bankruptcy Court did not abuse its discretion by ordering a *sua sponte* consolidation.

## II.     A Trustee May Administer Joint Property for the Benefit of Joint Creditors

A debtor may keep an interest in property held with a non-debtor as tenants by the entirety free from the claims of most creditors "to the extent such property is exempt from process" under state law.  Bankruptcy Code § 522(b)(2)(B).  Under Maryland law, property held as tenants by the entirety, also known as "entireties property," may not be taken to satisfy individual debts of either spouse.  *Diamond v. Diamond,* 467 A.2d 510, 513 (1983).  However, a Chapter 7 trustee may administer entireties property for the benefit of creditors holding *joint* claims against husband and wife.  *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir. 1985); *Williams v. Peyton (In re Williams),* 104 F.3d 688 (4th Cir. 1997).  As the Fourth Circuit held in *Sumy*, "to the extent the debtor and the non-filing spouse are indebted jointly, property owned as tenants by the entirety may not be exempted from an individual debtor's bankruptcy estate . . . [a]nd the Trustee may administer such property for the benefit of the joint creditors."  *Sumy*, 777 F.2d at 932.  Thus, entireties property is not exempt under § 522(b)(2)(B) where a joint creditor holds a judgment against both spouses.  *See also Logan v. Williams (In re Williams)*, 400 B.R. 479, (Bankr. D. Md. 2008).

In this case, Appellant exempted the property he owned with his wife as tenants by the entirety. However, the Quillens do not dispute that joint creditors have claims against them worth over $3,000,000. Thus, the Bankruptcy Court correctly applied clearly established law in the Fourth Circuit in holding that a trustee may administer the Quillens' entireties property for the benefit of joint creditors.

Nonetheless, Appellant contends that this property should be exempt from joint creditors because the purpose of the claimed exemption was "to insulate the property held as tenants by the entireties from claims that such property was acquired by fraudulent transfer or conveyance." Paper No. 7 at ¶ 11. Appellant concludes that *Sumy* and *Williams* are therefore inapplicable and that this property is exempt because "no party filed a timely objection to the tenants by the entireties property on the basis that joint debts existed." *Id*. at ¶ 12. As explained by *Williams v. Peyton* (*In re Williams*), 104 F.3d 688 (4th Cir. 1997), a Chapter 7 trustee need not object to the exemption of entireties property prior to administering it for the benefit of joint creditors because, as a matter of law, the entireties exemption does not insulate the property from joint creditors. *Williams*, 104 F. 3d at 690. Thus, the Bankruptcy Court did not err as a matter of law and correctly held that a trustee may administer Appellant's and his wife's joint property for the benefit of creditors with claims against both of them.

**III.   Appellant's Exemptions were Appropriately Limited**

When a debtor assigns a dollar value to an interest that the debtor is claiming as exempt, the debtor's exemption is limited to that value. *In re Forti*, 224 B.R. 323, 327 (Bankr. D. Md. 1998); *Addison v. Reavis,* 158 B.R. 53, 61 (E.D. Va. 1993), *aff'd*, 32 F.3d 562 (4th Cir. 1994). In his Amended Exemptions Schedule, Appellant listed the value of his claimed exemption for his personal property as $11,000. Accordingly, Appellant's exemption is limited to this value. *See also In re Kositphasaj*, 2006 WL 4854386 at *4 (2006 Bankr. D. Md.) ("In this case, the

Appellant assigned a specific dollar value to an interest claimed as exempt and she is limited to that value.").

Appellant argues that *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) holds that if a trustee does not file a timely objection to an Exemption Schedule then the property claimed on the form is exempt even if there is no valid basis for the exemption. Appellant therefore contends that *Taylor* mandates reversal of the Bankruptcy Court's ruling that his personal property exemption be limited to $11,000 because Guttman did not timely object. However, Appellant's reading of *Taylor* is incomplete. Though *Taylor* holds that a trustee cannot contest an exemption when he fails to timely object, the Supreme Court specifically held that a failure timely to object does *not* preclude a trustee from challenging the character and amount of the exemption. *See In re Williams*, 400 B.R. 479 at 487 ("If an objection to exemptions is filed later than 30 days after the conclusion of the meeting of creditors, the exemption is allowed *up to the amount declared*, whether or not the exemption was properly claimed.") (citing *Taylor*, 503 U.S. at 642) (emphasis added). Accordingly, the Bankruptcy Court did not err in ruling that Appellant was limited to an exemption of $11,000 of personal property.

A separate Order follows.

Dated: April 5, 2010                             /s/_____
                                                 Richard D. Bennett
                                                 United States District Judge